IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:24-cv-00060-MR-WCM

PENNY PETERSON,            )
                           )
            Plaintiff,     )
                           )
      vs.                  )        ORDER
                           )
THOM TILLIS, Senator; and  )
TED BUDD, Senator,         )
                           )
            Defendants.    )
_____)

**THIS MATTER** is before the Court *sua sponte*.

On February 22, 2024, Penny Peterson ("Plaintiff") filed her Complaint in this matter against United States Senators Thom Tillis and Ted Budd ("Defendants"). [Doc. 1]. Therein, Plaintiff states that it is "[n]ot clear as of right now who did what," that she is "seeking answers," that she started receiving "emails" on "December 22, 2022 @ 3:01 pm," and that "[i]nformation posted on [t]he internet and my phone tapped." [Id. at 4].

Federal district courts are courts of limited jurisdiction. U.S. *ex rel.* Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). "Thus, when a district court lacks subject matter jurisdiction over an action, the action must be

dismissed." Id.  The lack of subject matter jurisdiction is an issue that may be raised at any time.  See Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008).  The plaintiff bears the burden of establishing the existence of subject matter jurisdiction.  See Trazell v. Arlington Cnty, 811 F. App'x 857, 858 (4th Cir. 2020).  Where a plaintiff's factual allegations, viewed in the light most favorable to her, are insufficient to invoke the Court's subject matter jurisdiction, her claim must be dismissed.  See Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999); see also McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Fed. R. Civ. P. 12(h)(3).

Here, Plaintiff's Complaint is a form document that states that it is "for violation of civil rights." [Doc. 1 at 1].  The document provides spaces for a plaintiff to identify whether they are bringing either "a Bivens claim" against "Federal officials" or "a § 1983 claim" against "State or local officials." [Id. at 3].  However, Plaintiff left this portion of her Complaint blank and nowhere therein does she state whether she is seeking to bring claims for a violation of her constitutional or statutory rights.  [Id.].  Moreover, as noted above, the full extent of Plaintiff's factual allegations is that she started receiving "emails" on "December 22, 2022 @ 3:01 pm" and that "[i]nformation posted on [t]he internet and my phone tapped." [Id. at 4].  Plaintiff does not at all elaborate regarding who sent her emails, nor regarding what these emails

2

contained. She does not state whose information was posted on the internet, nor who posted the information. Nor does she make any allegations regarding who she believes has tapped her phone. Put simply, there is *no* factual substance to Plaintiff's Complaint. As a result, the Court cannot determine what, if any, claims she is seeking to pursue against Defendants. Therefore, Plaintiff has failed to allege facts plausibly invoking the Court's subject matter jurisdiction. Accordingly, her Complaint is dismissed.

Additionally, even though the statutory screening procedure authorized under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2), does not apply here, because Plaintiff paid the fee of $405 associated with filing this action, the Court has inherent authority to dismiss frivolous complaints *sua sponte*. See Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. 2012) (noting that "frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid") (citing Mallard v. U.S. Dist. Ct. for S.D. of Iowa, 490 U.S. 296, 307-08 (1989)). A complaint is deemed frivolous "where it lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Legally frivolous claims are based on an 'indisputably meritless legal theory' and include 'claims of infringement of a legal interest which clearly does not exist.'" Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). "Similarly,

the complaint may be dismissed as factually frivolous if it includes allegations that are 'clearly baseless.'" Brown v. Briscoe, 998 F.2d 201, 203 (4th Cir. 1993) (quoting Neitzke, 490 U.S. at 327). Put differently, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible . . . ." Denton v. Hernandez, 504 U.S. 25, 33 (1992).

Even to the extent that the Plaintiff might be attempting to allege that Defendants violated her civil rights by posting her information on the internet and by wiretapping her phone, as noted above, these allegations are entirely devoid of any factual support so as to be plausible. Moreover, allegations that Defendants—two members of the United States Senate—engaged in posting an individual's information on the internet and wiretapping her phone are "delusional," "irrational," and wholly "incredible" on their face. Id. Accordingly, even if Plaintiff had pled facts sufficient to invoke the Court's jurisdiction, her claims would nonetheless be dismissed as factually frivolous.[1]

---

[1] Additionally, if Plaintiff is contending that Defendants posted her information on the internet and wiretapped her phone as part of their duties as Senators, her claims may well be barred by the Speech and Debate Clause. See Ray v. U.S. Senate, 892 F.2d 1041 (4th Cir. 1989) (unpublished table decision) ("Congressmen . . . are . . . protected from suit based on legislative actions and decisions . . . by the Speech and Debate Clause.") (citing Gravel v. United States, 408 U.S. 606, 616 (1972)).

4

Case 1:24-cv-00060-MR-WCM    Document 2    Filed 03/18/24    Page 4 of 5

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint [Doc. 1] is hereby **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

Signed: March 18, 2024

Martin Reidinger
Chief United States District Judge